O/JS-6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOHN RAFTER | ) | **CASE NO.** SA CV 08-1230 DOC (MLGx) |
| **Plaintiff(s),** | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S** |
| I. GARY WASSERMAN, ET AL. | ) | **MOTION TO TRANSFER VENUE** |
| **Defendant(s).** | ) | |
| _____ | ) | |

Before the Court is Defendants I. Gary Wasserman, Deborah M. Kornheiser, and Wasserman Kornheiser, LLP's motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, to transfer the action pursuant to 28 U.S.C. § 1406, due to improper venue. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS Defendants I. Gary Wasserman, Deborah M. Kornheiser, and Wasserman Kornheiser, LLP's Motion to Transfer to the Southern District of California.

**I. Factual Background**

On November 3, 2008 Plaintiff ("Plaintiff") John Rafter filed a complaint against Defendants I. Gary Wasserman; Deborah M. Kornheiser; Wasserman Kornheiser, LLP; Associa; NN Jaeschke,

1  Inc.; Michelle Steinbock; Verano Condominium Homeowners Association; Jane Doe Bookkeeper
2  #1; Jane Doe Bookkeeper #2, Matt Holman; Erika Koto; Judy Knowles; Alex Munoz; and Jonathon
3  Shufelt for violation of the Fair Debt Collection Practices Act and other related causes of action.
4  All named Defendants reside in San Diego, California which sits in the Southern District of
5  California.

6  Plaintiff is a member of Defendant Verano Condominium Home Owners Association
7  ("Verano") for a condominium he owns in San Diego, California. Plaintiff made monthly payments
8  to Verano through Wells Fargo bank. Plaintiff alleges that Defendants Associa and NN Jaeschke,
9  the home association management organizations responsible for Verano, failed to credit his monthly
10 payments. Plaintiff alleges that Defendants Associa and NN Jaeschke subsequently took improper
11 debt collection action against him. Plaintiff additionally alleges that the Defendants I. Gary
12 Wasserman, Deborah M. Kornheiser, and Wasserman Kornheiser ("WK") failed to investigate the
13 debt and improperly placed a lien on Plaintiff's property. Plaintiff informed WK of his poor health
14 and requested WK cease communications to allow for his recovery. Plaintiff alleges that WK failed
15 to cease communications and as a result, he was hospitalized. Plaintiff was located in the Central
16 District of California throughout these interactions with Defendants. Plaintiff's ultimate
17 hospitalization also occurred in the Central District of California.

## II. Legal Standard

19 Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based
20 on improper venue. The burden is on the plaintiff to show that venue is proper. *See Nissan Motor*
21 *Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (noting that "most courts
22 hold that the plaintiff bears the burden of establishing proper venue"). This burden is satisfied
23 where the plaintiff provides a "prima facie showing of proper venue." *Id*. The Court need not
24 accept the pleadings as true, and may look to facts outside of the pleadings. *Murphy v. Schneider*
25 *Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). If the Court determines that the Rule 12(b)(3)
26 motion is sufficient, the Court must either dismiss or, "in the interest of justice," transfer the case.
27 28 U.S.C. § 1406(a).

### III. Discussion

The Court finds that venue is improper in the Central District of California and transfer to the Southern District of California in the interest of justice per the requirements of 28 U.S.C. § 1406(a).

#### A. Venue is improper in the Central District of California and proper in the Southern District of California.

The Court finds that venue in the Central District of California is improper and venue in the Southern District of California proper. When venue is improper in the transferor court, the court must dismiss or transfer a claim "if it be in the interest of justice" "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). According to 28 U.S.C. § 1391(b), venue in a

> civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Venue is appropriate in the Southern District of California because as noted by WK's Motion to Transfer and can be inferred by Plaintiff's Complaint, all Defendants reside in the Southern District of California. Furthermore, the unfair debt collection practices which allegedly gave rise to Plaintiff's poor health arise from conduct by Defendants which occurred in the Southern District. Additionally, the property which the alleged unfair debt collection practices revolve is in the Southern District. Conversely, venue is inappropriate in the Central District of California because no Defendant lives in the Central District of California and the property subject to the unfair debt collection practices is not located in the Central District of California. While the Plaintiff does allege he was hospitalized within the Central District of California as a result of the alleged debt

collection practices engaged in by the Defendants, these events do not rise to the level of the "substantial" events requirement of 28 U.S.C. § 1406(a).

### B. Although venue is improper in the Central District of California, transfer of the claim to the Southern District of California pursuant to 28 U.S.C. § 1406(a) is appropriate.

Because this claim could have been filed in the Southern District of California it is in the interest of justice to transfer rather than dismiss this claim. *Papercraft Corp. v. Procter & Gamble Co.* 439 F.Supp. 1060, 1063 (D.C. Pa. 1977) (finding transfer of a claim to where it could have been brought it in the interest of justice per 28 U.S.C. § 1406(a)). However, the Court notes that as of February 11, 2009, no opposition from the Plaintiff to WK's Motion to Transfer has been received and that similar inaction has been grounds for dismissal. *E.g. Pinesich v. Miller*, 89 F.Supp. 539 (E.D. Pa. 1950) (noting that lack of reason to transfer does not require transfer).

### IV. Disposition

Because the Court finds that venue is improper in the Central District of California and transfer to the Southern District of California in the interest of justice per the requirements of 28 U.S.C. § 1406(a), it GRANTS Defendants' WK Motion to Transfer.

IT IS SO ORDERED.

DATED: February 11, 2009

THE HONORABLE DAVID O. CARTER
U.S. DISTRICT JUDGE

4